## Downs v. Griffin.

(Decided December 5, 1924.)

### Appeal from Trigg Circuit Court.

Adverse Possession—Verdict for Defendant Claiming Disputed Strip by Adverse Possession Held Justified.—In action for trespass on land by adjoining owner involving ownerhip of disputed boundary strip, evidence held to justify verdict for defendant on issue of adverse possession.

JOHN D. SHAW for appellant.

G. W. RYAN for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

There are really only two questions of fact involved in this controversy.

Appellant and appellee own and occupy adjoining farms in Trigg county on the Cumberland river. Their titles each run back to the same source, but in the subdivision of lands belonging to some of appellant's remote ancestors there is some confusion as to one line.

Appellant brought his action against appellee for trespass charging he had cut certain timber on plaintiff's land near the line between their farms. The defendant denied that the place where the timber was cut was embraced within plaintiff's farm, but charged it was within his own lines, and in addition relied upon adverse possession.

The issues were made up, and upon a jury trial there was a verdict for defendant, upon which judgment was entered, and the plaintiff has appealed.

The controversy as to the correct line grows out of a contention as to where a certain call should begin, and as to which of two elm trees it should run to on the bank of the Cumberland river. One party claims it should begin at a certain hole or depression where there is an oak stump and run to a large elm on the bank of the river, while the other claims it should begin at another hole or depression at or near another oak stump and run from there to a smaller elm on the bank of the river. Some of the calls of the deeds in evidence call for an elm on the bank of the river, and some of the others call for a large elm on the bank of the river, and a good deal of evidence was introduced on each side as to this conflicting line, there being a large elm and a smaller one not far from each other, and both on the bank.

On the question of adverse possession by defendant and his predecessors in title, the evidence showed that practically along the line as claimed by him there had been a fence for forty years, and that he and his said predecessors had all of that time exercised ownership over the disputed strip and had the same fenced in and had actually a part of that time and in certain years cultivated a part of the land. The evidence for defendant tended to show that for much longer than fifteen years he and his vendors had exercised rights of ownership over the disputed strip in the way indicated, and had continuously done so.

The court in its instructions submitted to the jury the question of the correct line, and likewise submitted to them the question of defendant's adverse possession; and without going into an extended discussion of the evidence it is sufficient to say that the verdict of the jury was justified upon either of them.

There is no complaint of the form of the instructions, and even if there was more doubt about the correct line, we are impelled to the conclusion that on the question of adverse possession the verdict was unmistakably correct.

Judgment affirmed.